E924SIMh

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                       12 CR 00652

JOANNE SIMMONS,

           Defendant.

------------------------------x

                              New York, N.Y.
                              September 2, 2014
                              10:30 a.m.

Before:

             HON. MICHAEL H. DOLINGER,

                        Magistrate Judge

                APPEARANCES

PREET BHARARA
    United States Attorney for the
    Southern District of New York
A. DAMIAN WILLIAMS
    Assistant United States Attorney

MICHAEL PETER KUSHNER
    Attorney for Defendant

1           (Open court)

2           (Case called)

3           THE COURT:  Since this matter is here for plea and it
4  has been a long time since we first undertook to obtain a plea,
5  I wanted to refresh my recollection as to the penalties that
6  Ms. Simmons faces if convicted on this charge.  Am I correct
7  that she faces potentially up to a year in prison, a year of
8  supervised release, a fine of as much as $100,000 or twice the
9  total gain from the crime or twice the total loss to victims, a
10 special assessment of $100, an order of restitution in the
11 amount of $123,029?

12          MR. WILLIAMS:  That's correct, your Honor.

13          THE COURT:  Before we start, let me ask, in light of
14 the history of this case, Mr. Kushner, to the extent that you
15 have had obviously some dealings most recently with
16 Ms. Simmons, are you satisfied that at this point she is
17 competent to enter a plea?

18          MR. KUSHNER:  At this point, Judge, yes.  Just so the
19 record is clear, that's based upon my review of medical reports
20 that have come to me since this proceeding began.

21          THE COURT:  Okay.  Ms. Simmons, how are you feeling
22 today?

23          THE DEFENDANT:  I'm not feeling so well.

24          THE COURT:  Okay.  Have you been able to understand
25 pretty much everything that has been said so far?

1            THE DEFENDANT:  Yes, I understand they're charging me
2    with lying on a government form.
3            What did you say, sir, again?
4            THE COURT:  I am simply asking whether you have
5    understood pretty much everything that has been said to you so
6    far today.
7            THE DEFENDANT:  Yes.
8            THE COURT:  I have in front of me a consent form.  Was
9    this filled out today?
10           MR. KUSHNER:  Yes, Judge, that was this morning.
11           Ms. Simmons, the information in this case charges you
12   with a violation of the United States Criminal Code.
13   Ordinarily, this type of a case would be handled by a United
14   States district judge.  However, with the consent of the
15   defendant, United States magistrate judges, of whom I'm one,
16   also have the authority to handle a case such as this.  If you
17   were to consent to proceed before a magistrate judge in this
18   case, you would receive all of the same protections as you
19   would have before a district judge.
20           Do you understand that?
21           THE DEFENDANT:  Yes.
22           THE COURT:  Is it your wish at this time to proceed
23   before a magistrate judge in this case?
24           THE DEFENDANT:  Yes.
25           THE COURT:  Is this your signature on the consent

1    form?
2             THE DEFENDANT:  Yes, it is.
3             THE COURT:  Before I take your plea, I have to ask you
4    some questions and I, therefore, need to put you under oath.
5             Would you please raise your right hand.
6             THE DEFENDANT:  Your Honor, I can't swear but --
7             THE COURT:  You can affirm?
8             THE DEFENDANT:  Affirm.
9             THE COURT:  That's fine.
10            (Defendant affirmed)
11            THE COURT:  Would you please state your full name.
12            THE DEFENDANT:  Joanne Simmons.
13            THE COURT:  What is your age?  Approximately?
14            THE DEFENDANT:  I'm in my fifties.
15            THE COURT:  Okay.  What is the extent of your formal
16   education?
17            THE DEFENDANT:  Fifth or sixth grade.
18            THE COURT:  Are you now or have you recently been
19   under the care of a doctor or psychiatrist for any reason?
20            THE DEFENDANT:  Yes, I am.
21            THE COURT:  And does that cover both doctors, medical
22   doctors, and psychiatrists?
23            THE DEFENDANT:  Yes.
24            THE COURT:  Is there anything about the conditions for
25   which you're being treated that makes it more difficult for you

E924SIMh

1    to listen, hear, think, reason, or make decisions?
2             THE DEFENDANT:  Yes, your Honor, your Majesty.
3             THE COURT:  "Your Honor" is okay.  I don't need a
4    promotion.
5             THE DEFENDANT:  Sorry.
6             THE COURT:  That's okay.
7        Are you currently under any medication?
8             THE DEFENDANT:  Yes, I am.
9             THE COURT:  Do the medications that you're under make
10   it more difficult for you to think, listen, reason, hear, or
11   make decisions?
12            THE DEFENDANT:  Yes.
13            THE COURT:  In your current condition -- that is,
14   today, this morning -- have you been able to understand
15   everything that I have said to you so far?
16            THE DEFENDANT:  Yes.
17            THE COURT:  Have you been able to understand
18   everything that your attorney has said to you so far today?
19            THE DEFENDANT:  Yes.
20            THE COURT:  Do you feel confident that you can make
21   important decisions this morning?
22            THE DEFENDANT:  I'm foggy to make a decision.  I'm
23   clogged and fogged for that kind.
24            THE COURT:  Okay.  The problem of the question, I
25   guess, is we're here today to at least possibly have you enter

1   a guilty plea.  That would be a very important decision for you
2   to make --
3            THE DEFENDANT:  Yes.
4            THE COURT:  -- because it would mean you are giving up
5   your right to have these charges tried, giving up a whole lot
6   of protections you would have as a defendant if you went to
7   trial.  The question, then, is whether you feel comfortable
8   making a decision today to plead guilty and to give up your
9   right to a trial.  If you do not believe that you are capable
10  of making that sort of decision, it would be most helpful for
11  you to tell us now that that's the case.
12           THE DEFENDANT:  I'm ready, your Majesty.
13           THE COURT:  Ready and you think capable of making that
14  decision?
15           THE DEFENDANT:  Yes.
16           THE COURT:  Just for the record, Mr. Kushner, do you
17  have a list of the medications that Ms. Simmons is currently
18  taking?
19           MR. WILLIAMS:  Yes, your Honor.  The list that I have
20  received indicates Ms. Simmons is on Cymbalta; Benadryl;
21  oxycodone; Oxycontin; Lyrica; Ambien; promethazine syrup; a
22  blood pressure medication, which is called Evapril; ibuprofen;
23  sertraline, which is also known as Zoloft; Abilify, which is a
24  depression medication, as well; prazosin; pantoprazole sodium;
25  and penicillin/potassium mixture.

1          THE COURT:  Ms. Simmons, have you received a copy of
2     the information in this case, which is the charging document?
3          THE DEFENDANT:  Yes, your Majesty -- your Honor.
4          THE COURT:  Have you read it, or do you want me to
5     read it to you, or has it been read to you?
6          THE DEFENDANT:  Yes, your Honor.
7          THE COURT:  "Yes," what?
8          THE DEFENDANT:  It was read to me.
9          THE COURT:  Do you understand what it says you did?
10         THE DEFENDANT:  I understand they said I lied on the
11    government form to obtain my Section 8 housing.
12         THE COURT:  Have you had an opportunity to discuss
13    this charge and how you wish to plead today with your attorney?
14         THE DEFENDANT:  Yes, your Honor.
15         THE COURT:  Are you satisfied with your attorney?
16         THE DEFENDANT:  Yes, your Honor.
17         THE COURT:  Are you ready at this time to enter a plea
18    to the charge that is contained in the information?
19         THE DEFENDANT:  Yes, your Honor.
20         THE COURT:  Understanding that according to the
21    information, you provided false statements to the United States
22    Department of Housing and Urban Development with the fraudulent
23    intent of obtaining housing benefits to which you were not
24    entitled, how do you plead to this charge of making these false
25    statements to the government?

1               You look puzzled.  Please tell me if you understood
2    the question.
3               THE DEFENDANT:  Please say it again.
4               THE COURT:  Yes.  Do you understand that the charge
5    against you is that you made false statements to the Department
6    of Housing and Urban Development for the purpose of obtaining
7    housing benefits to which you were not entitled?
8               THE DEFENDANT:  Yes, your Honor, I throw myself on the
9    mercy of the Court.
10              THE COURT:  My question is simply:  Do you understand
11   that that is the charge?
12              THE DEFENDANT:  Yes, your Honor.
13              THE COURT:  How do you plead to this charge; guilty or
14   not guilty?
15              THE DEFENDANT:  I plead guilty, and I throw myself on
16   the mercy of the Court, your Honor.
17              THE COURT:  Now, because you are proposing to enter a
18   guilty plea, I have to ask you some additional questions.  My
19   purpose in doing so is to make sure that you understand the
20   consequences of pleading guilty and also to be sure that your
21   plea is voluntary.
22              First, I want you to understand that if convicted on
23   this charge, you could face as a potential maximum penalty a
24   prison term of up to one year, a term of supervised release of
25   up to one year, a fine of as much as $100,000 or twice the

1  total gain that you realized from this crime or twice the loss
2  caused to the government from this crime, whichever of those is
3  largest, as well as a $100 special assessment and an order of
4  restitution, which would require that you return to the
5  government the money stolen or misappropriated.
6             Do you understand that?
7             THE DEFENDANT:  Your Honor, they never gave me the
8  money.  I never received no money.
9             THE COURT:  I understand that.  But according to the
10 charge, you obtained benefits payable presumably to the
11 landlord that totaled in excess of $123,000; and if you're
12 convicted on this charge -- you're apparently going to be
13 pleading guilty now -- you would face an order of restitution
14 requiring that you, because you received the benefit of the
15 $123,000, return that money to the government.  My question to
16 you is:  Do you understand that?
17            THE DEFENDANT:  But, your Honor, they never gave me
18 the money.  I never took the money.  And I was -- I was -- I
19 was -- for the -- oh God, I can't think.  I was entitled to the
20 benefits, your Honor.
21            THE COURT:  At this point, we are going to decline to
22 take a guilty plea because the defendant is insisting she is
23 innocent.  We will set a schedule now for trial.
24            Let's take a look.  How long a trial do you estimate?
25            MR. WILLIAMS:  Your Honor, it would be less than a

Case 1:12-cr-00652-MHD   Document 20   Filed 09/17/14   Page 10 of 11        10
E924SIMh

1    week.
2              THE COURT:  Okay.  We will schedule this for the week
3    of October 13.
4              MR. WILLIAMS:  Your Honor, I am out of the country
5    that week, and I have a trial starting October 21st.
6              THE COURT:  We will schedule it for October 27th.
7              MR. WILLIAMS:  That is a Monday, your Honor?
8              THE COURT:  That is a Monday.
9              MR. WILLIAMS:  I think that should be fine, but I
10   don't want to -- I told the other judge that that trial should
11   be able to fit within one week.  Should anything happen, it
12   would obviously bleed into the following week.  So I am
13   confident that we can do it, but I just don't want to end up
14   telling you down the road that I double-booked.
15             THE COURT:  I think you made enough disclosure that
16   you have not double-booked.
17             MR. WILLIAMS:  Okay.
18             THE COURT:  Obviously, if events occur contrary to
19   your expectation and the trial is going to go beyond that week
20   that you foresaw, we will adjust the date for this trial.
21             In any event, at this point, we will schedule it for
22   October 27, which is a Monday.
23             I will ask that the parties provide voir dire and
24   request a charge by no later than October 23.
25             I don't know if there are going to be any in limine

E924SIMh

1  applications, but if there are, provide those, let's say, by
2  October 20.
3        Any other matters we should deal with at this time?
4        MR. KUSHNER:  Judge, I just want to alert the Court
5  that I am going to ask for a competency review of my client.
6        THE COURT:  Make your application.
7        MR. KUSHNER:  I just wanted to make sure everyone knew
8  it would be coming.
9        THE COURT:  When should we expect it?
10       MR. KUSHNER:  September 9th is fine, one week is fine,
11 Judge.
12       THE COURT:  Okay.  September 9 for a competency
13 motion.
14       MR. KUSHNER:  Thank you, Judge.
15       THE COURT:  Thank you, all.
16       MR. WILLIAMS:  We move to exclude time between today
17 and October 27th.
18       MR. KUSHNER:  We consent, your Honor.
19       THE COURT:  That is granted.  Time is excluded until
20 October 27th, 10:00.
21       THE DEFENDANT:  Thank you, your Honor.
22       THE COURT:  Thank you.
23       (Adjourned)
24
25

SOUTHERN DISTRICT REPORTERS, P.C.            (212) 805-0300