UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA          :

                                    12 Cr. 652 (MHD)

         -v.-                   :

JOANNE SIMMONS,                    :

       Defendant.              :

- - - - - - - - - - - - - - - - - -X


**THE GOVERNMENT'S REQUESTS TO CHARGE**


PREET BHARARA
United States Attorney for the
Southern District of New York


CHRISTINE I. MAGDO
KATHERINE C. REILLY
Assistant United States Attorneys
  *Of Counsel*

TABLE OF CONTENTS

REQUEST NO. 1
General Charges.................................................. 2

REQUEST NO. 2
Summary of the Information....................................... 3

REQUEST NO. 3
Count One: False Statements to
the United States Department of Housing and Urban Development.. 4

REQUEST NO. 4
Count One: Elements............................................. 5

REQUEST NO. 5
Count One: First Element (Report or Statement to HUD).......... 6

REQUEST NO. 6
Count One: Second Element (Report or Statement Was False)...... 7

REQUEST NO. 7
Count One: Third Element (Intent to Defraud)................... 8

REQUEST NO. 8
Venue.......................................................... 10

REQUEST NO. 9
Stipulations................................................... 11

REQUEST NO. 10
Law Enforcement and Government Employee Witnesses............. 12

REQUEST NO. 11
Defendant's Testimony.......................................... 13

REQUEST NO. 12
Defendant's Right Not to Testify.............................. 14

REQUEST NO. 13
Uncalled Witness .............................................. 15

REQUEST NO. 14
Summary Charts and Demonstratives Not Admitted as Evidence.... 17

REQUEST NO. 15
Character Testimony............................................ 18

REQUEST NO. 16
Preparation of Witnesses.....................................19

REQUEST NO. 17
Persons Not On Trial.........................................20

REQUEST NO. 18
False Exculpatory Statements.................................21

REQUEST NO. 19
Punishment Is Not to Be Considered by the Jury...............22

REQUEST NO. 20
Variance in Dates, Amounts, and Facts Alleged................23

REQUEST NO. 21
Sympathy:  Oath as Jurors....................................24

Request No. 22
Concluding Instructions......................................26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA            :
                                              12 Cr. 652 (MHD)
            -v.-                     :

JOANNE SIMMONS,                     :

            Defendant.              :

- - - - - - - - - - - - - - - - - -X


<u>GOVERNMENT'S REQUESTS TO CHARGE</u>

            Pursuant to Rule 30 of the Federal Rules of Criminal
Procedure, the Government respectfully requests that the Court
include the following in its instructions to the jury.

REQUEST NO. 1

General Charges

The Government respectfully requests that the Court give the standard charges on the following:

a.   Function of Court and Jury

b.   Jury's Recollection Governs

c.   Note-Taking by Jurors

d.   Burden of Proof and Presumption of Innocence

e.   Reasonable Doubt

f.   Government Treated Like Any Other Party

g.   Motions, Objections, and Questions by the Court

h.   Information Not Evidence

i.   Duty to Weigh Evidence Without Prejudice

j.   Direct and Circumstantial Evidence

k.   Circumstantial Evidence of Knowledge, Willfulness, and Intent

l.   Inferences

m.   Statements of Court and Counsel Not Evidence

n.   Improper Considerations

o.   Credibility of Witnesses

p.   Right to See Exhibits and Hear Testimony During Deliberations

q.   Verdict Must Be Unanimous

REQUEST NO. 2

Summary of the Information

The defendant, JOANNE SIMMONS, is formally charged in an Information.  The Information is a charge or accusation.  It is not evidence.  The Information in this case contains one count.  I will first summarize the count that is charged in the Information, and then I will explain in detail the elements of the charged offense.

Count One of the Information charges that from at least in or about 2004 through in or about 2012, SIMMONS knowingly and with intent to defraud did make a false statement to the United States Department of Housing and Urban Development.  Specifically, Count One charges that SIMMONS falsely reported her principal residence in order to obtain more than $120,000 in federal housing subsidies from the United States Department of Housing and Urban Development.

<u>REQUEST NO. 3</u>

Count One: False Statements to

<u>the United States Department of Housing and Urban Development</u>

Count One of the Information charges the defendant with making false statements to the United States Department of Housing and Urban Development in violation of Section 1012 of Title 18 of the United States Code.  The Information reads that:  [*The Court is respectfully requested to read Count One of the Information.*]

Section 1012 provides, in relevant part, that:

Whoever, with intent to defraud . . . makes any false report or statement to or for [the Department of Housing and Urban Development]; or

Whoever receives any compensation, rebate, or reward, with intent to defraud such Department or with intent unlawfully to defeat its purposes;

shall be guilty of a crime.

4

REQUEST NO. 4

Count One: Elements

To prove that the defendant made false statements to the United States Department of Housing and Urban Development, the Government must prove each of the following elements beyond a reasonable doubt.

First, that, on or about the dates alleged in the Information, the defendant made a report or statement to the Department of Housing and Urban Development; and

Second, that the report or statement was false; and

Third, that the false report or statement was made knowingly and with the intent to defraud;

See United States v. Mullins, 613 F.3d 1273, 1285 (10th Cir. 2010)(setting forth the elements of a violation 18 U.S.C. § 1012); United States v. Hermon, 817 F.2d 1300, 1301-1302 (7th Cir. 1987)(distinguishing the requirements for conviction under 18 U.S.C. § 1012 and 18 U.S.C. § 1010); Henslee v. United States, 246 F.2d 190, 191 (5th Cir. Tex. 1957) (describing the evidence leading to conviction under 18 U.S.C. § 1012); see also the charge of the Hon. John S. Martin, Jr. in United States v. Argentina, 01 Cr. 245 (JSM) (S.D.N.Y. 2002) (setting forth the elements required for conviction under 18 U.S.C. § 1010, charging the making of false statements in order to cause the Department of Housing and Urban Development to insure a loan).

<u>REQUEST NO. 5</u>

<u>Count One: First Element (Report or Statement to HUD)</u>

The first element that the Government must prove beyond a reasonable doubt with respect to Count One is that on or about the dates alleged in the Information, the defendant made a report or statement to the Department of Housing and Urban Development. In this regard, the Government need not prove that the defendant physically made or otherwise personally prepared the statement in question. It is sufficient if defendant caused the statement to have been made. Under this statute, there is no distinction between written and oral statements.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 36-10 and from the charge of the Hon. John S. Martin, Jr. in <u>United States</u> v. <u>Argentina</u>, 01 Cr. 245 (JSM) (S.D.N.Y. 2002).

<u>REQUEST NO. 6</u>

<u>Count One: Second Element (Report or Statement Was False)</u>

The second element that the Government must prove beyond a reasonable doubt with respect to Count One is that the report or statement made by the defendant to the Department of Housing and Urban Development was false.   A report or statement is "false" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. A report or statement may be untrue in various ways: it may state as a fact something that does not exist or may be inaccurate in its representation of a fact.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 36-12 and from the charge of the Hon. John S. Martin, Jr. in <u>United States</u> v. <u>Argentina</u>, 01 Cr. 245 (JSM) (S.D.N.Y. 2002).

REQUEST NO. 7

Count One: Third Element (Intent to Defraud)

The third element that the Government must prove beyond a reasonable doubt with respect to Count One is that the defendant knowingly made the false report or false statement intending to defraud the Department of Housing and Urban Development.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

The defendant acted with "intent to defraud" if she made the false report or false statement knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to the Department of Housing and Urban Development.

In order to satisfy this element, the government is not required to establish that the government was in fact misled. The essence of the crime lies in the making of the false report or false statement knowing the report or statement to be false, with the specific intent that the defendant obtain a benefit from the Department of Housing and Urban Development.  Obtaining that benefit is not required; a financial loss to the government is not an element of the offense.  Therefore, the Government need not prove that the Department of Housing and Urban Development was actually harmed; only that such harm was contemplated.

The question of whether a person acted knowingly and with

8

intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind. Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  However, you have before you the evidence of certain acts, conversations, and statements alleged to involve the defendant and others.  The ultimate facts of knowledge and criminal intent may be established by words and conduct, and all the surrounding circumstances, as well as the rational or logical inferences that may be drawn from the words and conduct.  It is for you to determine whether the government has established beyond a reasonable doubt such knowledge and intent on the part of the defendant.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 3A-1, 3A-3, and 18-7 and from the charges of the Hon. Shira A. Scheindlin in <u>United States</u> v. <u>Vasilevsky</u>, 08 Cr. 903 (SAS) (S.D.N.Y. 2009), the Hon. Richard J. Sullivan in <u>United States</u> v. <u>Peirce</u>, 06 Cr. 1032 (RJS) (S.D.N.Y. 2008), and the Hon. John S. Martin, Jr. in <u>United States</u> v. <u>Argentina</u>, 01 Cr. 245 (JSM) (S.D.N.Y. 2002).

REQUEST NO. 8

Venue

I have now told you the elements of the charge in the Information.  In addition to the elements I have described to you, the government must prove that some act in furtherance of the charge you are considering occurred in the Southern District of New York. The Southern District of New York includes, among other locations, all of Manhattan, the Bronx, and Westchester County.  It is sufficient to satisfy this element if any act in furtherance of the crime occurred within this district.

I note that on this issue -- and this issue alone -- the government need not offer proof beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime charged occurred in the Southern District of New York.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 3-11, and from the charge of the Hon. Loretta A. Preska in United States v. Cespedes, 00 Cr. 390 (LAP) (S.D.N.Y. 2001); the Hon. Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999); and the Hon. Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991).

REQUEST NO. 9

Stipulations

[IF APPLICABLE]

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

A stipulation of fact is an agreement among the parties a certain fact is true.  You must accept such agreed facts as true.

Adapted from Sand, Modern Federal Jury Instructions, Instrs. 5-6, 5-7, and from the charge of the Hon. Victor Marrero in United States v. Frank Tejada, 07 Cr. 502 (S.D.N.Y. Nov. 5, 2007), and the Hon. Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

REQUEST NO. 10

Law Enforcement and Government Employee Witnesses

You have heard the testimony of law enforcement officials and of employees of the government.  The fact that a witness may be employed as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or government employee witness and to give to that testimony the weight you find it deserves.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-16; from charge of the Hon. Victor Marrero in United States v. Frank Tejada, 07 Cr. 502 (S.D.N.Y. Nov. 5, 2007); see also United States v. Ouimette, 798 F.2d 47, 49 (2d Cir. 1986) (as a general rule, "it is inappropriate to charge that police officers testifying at trial are specially interested in the outcome of a case").

<u>REQUEST NO. 11</u>

<u>Defendant's Testimony</u>

[IF APPLICABLE]

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent.  In this case, the defendant did testify and she was subject to cross-examination like any other witness.  You should examine and evaluate her testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Adapted from the charge approved in <u>United States</u> v. <u>Brutus</u>, 505 F.3d 80, 88 n.7 (2d Cir. 2007); and the charge of the Hon. Jed S. Rakoff in <u>United States</u> v. <u>Boyd</u>, 09 Cr. 347 (S.D.N.Y. 2009).

13

REQUEST NO. 12

Defendant's Right Not to Testify

[IF APPLICABLE AND REQUESTED BY THE DEFENSE]

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that she is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against her may be drawn by you because she did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-21.

14

<u>REQUEST NO. 13</u>

<u>Uncalled Witness -- Equally Available to Both Sides</u>

[IF APPLICABLE]

There are persons whose names you have heard during the course of this trial who did not come and testify.  You must not speculate or draw any inference or reach any conclusions about what these individuals would have testified to had they been called as witnesses.  Their absence should not affect your judgment in any way. You should bear in mind that both the government and the defense have the same power to subpoena witnesses to testify on their behalf. If a potential witness could have been called by the government or by the defendant and neither called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the government or to the defendant or to both. On the other hand, it is equally within your province to draw no inference at all from the failure of either side to call a witness.

The law does not impose a burden or duty on the defendant in a criminal case to call any witnesses or put in any evidence. There is no requirement that the government prove the elements of the offenses by any particular number of witnesses.  The law does not require the government to call as witnesses all persons who may have knowledge as to the matters at issue.  Your function is to decide if the witnesses who were called proved the government's case beyond

15

a reasonable doubt.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>,
> Instr. 6-7 and from charge of the Hon. Victor Marrero in
> <u>United States</u> v. <u>Frank Tejada</u>, 07 Cr. 502 (S.D.N.Y. Nov.
> 5, 2007); and the Hon. Colleen McMahon in <u>United States</u>
> v. <u>LaSpina</u>, 99 Cr. 339 (S.D.N.Y. 2000).  <u>See</u> <u>generally</u>
> <u>United States</u> v. <u>Erb</u>, 543 F.2d 438, 444-45 (2d Cir. 1976)
> (discussing propriety of missing witness charges).

<u>REQUEST NO. 14</u>

<u>Summary Charts and Demonstratives Not Admitted as Evidence</u>

[IF APPLICABLE]

The government has presented exhibits in the form of charts and summaries.  These exhibits purport to summarize the underlying evidence that was used to prepare them, and were shown to you to make the other evidence more meaningful and to aid you in considering the evidence.  They are no better than the testimony or documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater weight to these charts and summaries than you would give to the evidence on which they are based.

It is for you to decide whether the charts and summaries correctly present the information contained in the testimony and in the exhibits on which they were based.  You are entitled to consider the charts and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-12 and 5-13 and from charge of Hon. Richard J. Sullivan in <u>United States</u> v. <u>Vilar</u>, 05 Cr. 621 (S.D.N.Y. Nov. 13, 2008); <u>see</u> <u>also</u> <u>United States</u> v. <u>Pinto</u>, 850 F.2d 927, 935-36 (2d Cir. 1988) (upholding admission of summary charts and use in jury room during deliberations).

REQUEST NO. 15

Character Testimony

[IF APPLICABLE]

The defendant has called witnesses who have given their opinion of her character.  This testimony is not to be taken as the witness's opinion as to whether the defendant is guilty or not guilty. That question is for you alone to determine. You should, however, consider this character evidence together with all the other facts and evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's good character, you find a reasonable doubt has been created, you must acquit.  On the other hand, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's good character, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe the defendant, or the witness believes the defendant, to be a person of good character.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-15; see also United States v. Pujana-Mena, 949 F.2d 24, 27-31 (2d Cir. 1991) (criticizing instruction that character evidence "standing alone" is enough for acquittal as "potentially misleading and confusing").

18

REQUEST NO. 16

Preparation of Witnesses

[IF APPLICABLE]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultations.

Again, the weight you give to the fact or the nature of the witness' preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of the Hon. Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999); the Hon. John G. Koeltl in United States v. Brooks, 99 Cr. 1027 (S.D.N.Y. Dec. 14, 1999); and the Hon. Loretta A. Preska in United States v. Allen, 99 Cr. 929 (LAP) (S.D.N.Y. 2000).

19

REQUEST NO. 17

Persons Not On Trial

You may not draw any inference, favorable or unfavorable, towards the government or the defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now. Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

Adapted from the charge of Hon. Victor Marrero in United States v. Adrian Agostini, 00 Cr. 237 (S.D.N.Y. Sept. 23, 2003); and the Hon. Lewis A. Kaplan in United States v. Otis Parkes, 03 Cr. 1364 (LAK).

<u>REQUEST NO. 18</u>

<u>False Exculpatory Statements</u>

[IF APPLICABLE]

You have heard testimony that the defendant made statements in which she claimed that her conduct was consistent with innocence and not with guilt.  The government claims that these statements in which the defendant exculpated herself are false.

If you find that the defendant gave a false statement in order to divert suspicion from herself, you may infer that the defendant believed that she was guilty.  You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which she is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that she was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 6-11.

21

REQUEST NO. 19

<u>Punishment Is Not to Be Considered by the Jury</u>

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively with me.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely on the basis of such evidence. Under your oath as jurors, you cannot allow consideration of the punishment that must be imposed on the defendant, if she is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 9-1.

22

<u>REQUEST NO. 20</u>

<u>Variance in Dates, Amounts, and Facts Alleged</u>

You will note that the Information alleges that certain acts occurred on or about various dates. It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date. The law requires only a substantial similarity between the dates alleged in the Information and the dates established by the evidence.

Similarly, if the Information charges that certain monetary amounts were involved, and the testimony or exhibits indicate that in fact different amounts were involved, it is sufficient if you find that the amounts involved are substantially similar to the amounts alleged in the Information.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 3-12 and 3-13 and from the charge of the Hon. Richard J. Sullivan in <u>United States</u> v. <u>Peirce</u>, 06 Cr. 1032 (S.D.N.Y. 2008).

23

REQUEST NO. 21

Sympathy:  Oath as Jurors

Under your oath as jurors, you are not to be swayed by sympathy.  You are to be guided solely by the evidence in the case. You are to determine the guilt or non-guilt of the defendant solely on the basis of the evidence and subject to the law as I have charged you.

I know you will try the issues that have been presented to you according to the oath which you have taken as jurors, in which you promised that you would well and truly try the issues joined in this case and render a true verdict.  And I suggest to you that if you follow that oath without combining your thinking with any emotions, you will arrive at a just verdict.  It must be clear to you that once you get into an emotional state and let fear or prejudice or bias or sympathy interfere with your thinking, then you don't arrive at a true and just verdict.  Calm deliberation and good common sense are the qualities you should bring with you into the jury room.

The charge here, ladies and gentlemen, is serious, and the just determination of this case is important to both the defendant and the government.  Under your oath as jurors, you must decide the case without fear or favor and solely in accordance with the evidence and the law.

If the government has failed to carry its burden, your

24

sworn duty is to bring in a verdict of not guilty.  If the government

has carried its burden, you must not flinch from your sworn duty,

and you must bring in a verdict of guilty.

>     Adapted from Sand, <u>Modern Federal Jury Instructions</u>,
>     Instr. 2-12, and from the charge of the Hon. Irving Kaufman
>     in <u>United States</u> v. <u>Davis</u>, Appellant's Appendix at pp.
>     15a-16a, <u>aff'd</u>, 353 F.2d 614 (2d Cir. 1965).

Request No. 22

Concluding Instructions

The Court is respectfully requested to give its standard closing instructions on the following topics:

(i) the duty of jurors to follow the law as the Court has instructed;

(ii) the duty of jurors to deliberate in good faith with due consideration for the opinions of their fellow jurors;

(iii) the duty of jurors to be guided by proper considerations and to reject improper considerations;

(iv) the requirement of unanimity;

(v) procedural instructions regarding the selection of a foreperson, conduct of deliberations, notes to the Court, and the reporting of a verdict.

* * *

26

The Government respectfully reserves the right to submit additional or modified requests at or near the close of evidence.

Dated:      New York, New York
            October 29, 2014

                         Respectfully submitted,

                         PREET BHARARA
                         United States Attorney for the
                         Southern District of New York

                  By:    _____
                         Katherine Reilly/Christine Magdo
                         Assistant United States Attorneys
                         Tel.: (212) 637-6521/2297

27

Certificate of Service                          Filed Electronically

The undersigned attorney, duly admitted to practice before this
Court, hereby certifies that on the below date, she served or caused
to be served the following document in the manner indicated:

THE GOVERNMENT'S REQUESTS TO CHARGE

Service via Electronic Mail upon defense counsel in this case:

Michael Kushner, Esq.

Dated:    New York, New York
          October 29, 2014


                          Katherine Reilly
                          Assistant United States Attorney
                          (212) 637-6521