EBA5simP

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                              12 Cr. 652 (MHD)

5    JOANNE SIMMONS,

6              Defendant.

7    ------------------------------x

8                                        New York, N.Y.
                                         November 10, 2014
9                                        10:10 a.m.

10

     Before:
11
                     HON. MICHAEL H. DOLINGER,
12
                                         Magistrate Judge
13

14                        APPEARANCES

15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     CHRISTINE MAGDO
17   KATE REILLY
          Assistant United States Attorney
18
     MICHAEL P. KUSHNER
19        Attorneys for Defendant
     BY:  MICHAEL P. KUSHNER
20

21

22

23

24

25

EBA5simP                         plea

1           (Case called)

2           THE COURT:  We had scheduled a conference for 9:30.

3    It was my understanding that the parties have been in

4    conference with each other and amongst themselves and, hence,

5    the conference is not starting until now, a little bit after

6    10:00.

7           Is there anything that the parties want to put on the

8    record at this point?

9           MR. KUSHNER:  Judge, I believe that we are very close

10   to a plea agreement.  I just need another moment to speak with

11   Ms. Simmons in the hallway.  The government and I just came

12   back in from our final discussion.  The final iteration of the

13   plea is worked out between the parties.  I just need to get

14   Ms. Simmons' approval to talk about that.

15          So, I understand that we have delayed the trial start.

16   I believe it will be obviated though, if I can have another

17   moment to speak with her.

18          THE COURT:  My understanding is that we will be in a

19   position to have a jury pool up here around 10:30 or so.  So,

20   before that happens we will need to deal with a few matters,

21   assuming the case goes to trial.  So, bear that in mind.  I'm

22   not trying to rush you but the history of this case suggests

23   that a firm hand, as they say on the tiller, is probably wise.

24          So, if you need another minute or two, please take

25   that.

EBA5simP                         plea

1                MR. KUSHNER:  Thank you so much, your Honor.

2                MS. MAGDO:  Thank you.

3                THE COURT:  Sure.

4                (Recess)

5                MS. REILLY:  Good morning, your Honor.  Kate Reilly

6     and Christine Magdo for the government.

7                MR. KUSHNER:  For the defendant, Michael Kushner,

8     K-U-S-H-N-E-R.  Good morning, Judge.

9                THE COURT:  Good morning.

10               MR. KUSHNER:  Judge, we have come to the point where

11    Ms. Simmons is ready to take a plea in this matter.

12               THE COURT:  Okay.  I have been handed what appears to

13    be a plea agreement signed by both sides and dated November 10,

14    2014.  I take it this is the agreement that's been alluded to?

15               MR. KUSHNER:  Yes, Judge.

16               THE COURT:  Let me first of all confirm my

17    understanding of the penalties that Ms. Simmons faces if

18    convicted on this charge.

19               Based on the plea agreement, am I correct in

20    understanding that she faces potentially a prison term of up to

21    one year, a supervised release term of as much as a year, a

22    fine of up to either $100,000 or twice the total gain or loss

23    from the crime, a $100 special assessment, and an order of

24    restitution?

25               MS. REILLY:  That's correct, your Honor.

EBA5simP                        plea

1          THE COURT:  Ms. Simmons, would you please raise your

2    right hand?

3          (Defendant and counsel conferring)

4          THE COURT:  Do you affirm that the answers that you

5    will give to my questions will be the truth and nothing but the

6    truth?

7          THE DEFENDANT:  Yes.

8          (Defendant sworn)

9          THE COURT:  Ms. Simmons, would you please state your

10   full name?

11         THE DEFENDANT:  My name is Joanne Simmons.

12         THE COURT:  What is your age?

13         THE DEFENDANT:  Joanne J. Simmons.

14         THE COURT:  What is your age?  Approximately.

15         THE DEFENDANT:  I'm, like, in the 50s.

16         THE COURT:  Okay.

17         What is the extent of your formal education?

18         THE DEFENDANT:  Well, it's like about eight, seven.

19         THE COURT:  Grade?

20         THE DEFENDANT:  Yes.

21         THE COURT:  Okay.

22         Are you now or have you recently been under the care

23   of a doctor or psychiatrist for any reason?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Have the conditions for which you are

EBA5simP                          plea

1   being treated made it more difficult for you to listen, hear,

2   think, reason, or make decisions?

3            THE DEFENDANT:  To sometimes think.

4            THE COURT:  Are you currently under any medication?

5            THE DEFENDANT:  Yes.

6            THE COURT:  Have the medications that you have been

7   taking made it more difficult for you to listen, hear, think,

8   reason or make decisions?

9            THE DEFENDANT:  Sometimes, yes.

10           THE COURT:  Let me ask you specifically about today.

11  Have you been able, today, to understand pretty much everything

12  that has been said to you?

13           THE DEFENDANT:  Some, yes.

14           THE COURT:  Have you been able to understand what your

15  lawyer has been discussing with you about the case and about

16  whether you should be entering a guilty plea today?

17           THE DEFENDANT:  Yes.

18           THE COURT:  Are you satisfied that you are able to

19  make a clear, rational decision today as to whether to enter a

20  guilty plea?

21           THE DEFENDANT:  Yes.

22           THE COURT:  Okay.

23           Are you currently under the influence of any

24  mind-altering drugs?

25           THE DEFENDANT:  Yes.

EBA5simP                    plea

1              THE COURT:  What sort of drugs are these?

2              THE DEFENDANT:  Prescribed.

3              THE COURT:  Prescription drugs?

4              THE DEFENDANT:  Yes; Cymbalta and Oxycontin and Lyrica

5    200s, and I forgot the others.

6              THE COURT:  Okay.  Are you currently under the

7    influence of any alcoholic drinks?

8              THE DEFENDANT:  No.

9              THE COURT:  Have you had an opportunity to discuss the

10   charge against you and how you wish to plead today with your

11   attorney?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Are you satisfied with your attorney?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Are you ready, then, to enter a plea to

16   the charge contained in the information?

17             THE DEFENDANT:  Um, you said container?

18             THE COURT:  No.  I am asking you whether you are ready

19   to enter a plea to the charge that's been filed against you by

20   the government in this case.

21             THE DEFENDANT:  Oh.  Yes.

22             MR. KUSHNER:  Speak a little louder.  You are doing

23   good.

24             THE DEFENDANT:  Sorry.  Sorry.

25             THE COURT:  That's okay.

EBA5simP                         plea

1          Bearing in mind that the charge against you is, in

2     substance, that for a period, the years between 2004 and 2012,

3     you made certain false statements to the U.S. Department of

4     Housing and Urban Development, or HUD, with the intent to

5     obtain benefits fraudulently, that is, benefits to which you

6     were not entitled.  How do you plead to this charge; guilty or

7     not guilty?

8          THE DEFENDANT:  Can I ask my --

9          THE COURT:  Yes.

10          (Defendant and counsel conferring)

11          THE DEFENDANT:  Yes.  Yes, your Honor.

12          THE COURT:  How do you plead to this charge; guilty or

13     not guilty?

14          THE DEFENDANT:  I'm guilty of that sin, your Honor.

15          THE COURT:  Now, because you are proposing a guilty

16     plea I have to ask you some questions.  My purpose in doing so

17     is to make sure that you understand the consequences of

18     pleading guilty and also to be sure that your plea is

19     voluntary.

20          First of all, I want you to understand that if

21     convicted on this charge you could face, as a potential maximum

22     penalty, a prison term of up to one year, a supervised release

23     term of up to one year, a fine of as much as $100,000 or twice

24     the total gain from the crime, whichever is larger, or twice

25     the total loss caused to any victims of the crime.

1          Do you understand that?

2          THE DEFENDANT:  Can I just talk to my attorney for a

3   minute?

4          THE COURT:  Yes.

5          (Defendant and counsel conferring)

6          MR. KUSHNER:  Judge, Ms. Simmons just has a few

7   cognitive issues that prevent her from fully understanding that

8   question because it is long.  Is it possible we can go piece by

9   piece?

10          THE COURT:  Yes.  Certainly.

11          MR. KUSHNER:  Thank you.

12          THE DEFENDANT:  Sorry.

13          THE COURT:  Now, Ms. Simmons, do you understand that

14   if convicted on this charge, which is a charge of false

15   statement, you could face, as a potential maximum penalty, a

16   year in prison?  Do you understand that?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Do you understand also that if convicted

19   on this charge you could face, as a potential maximum penalty,

20   a term of supervised release of up to a year?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  Do you understand also that if convicted

23   on this charge you could face, as a potential maximum penalty,

24   a fine of up to either $100,000 or twice the total gain from

25   the crime, whichever is larger?

EBA5simP                    plea

1              Do you understand that?

2              MR. KUSHNER:  Do you understand that?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  Do you understand also that if convicted

5    of this crime you would face a mandatory special assessment of

6    $100?

7              THE DEFENDANT:  Can I just --

8              THE COURT:  Yes.

9              (Defendant and counsel conferring)

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  Okay.

12             Do you also understand that if convicted of this

13   charge you would face an order of restitution which would

14   require you to return any monies improperly obtained from HUD?

15             Do you understand that?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  Are you a United States citizen?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  Do you understand that you have a right to

20   plead not guilty and a right to a trial, indeed a jury trial,

21   if you wish?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  Do you understand that if you pled not

24   guilty and went to trial, the burden would be on the government

25   to prove your guilt beyond a reasonable doubt?

EBA5simP                          plea

1          THE DEFENDANT:  One minute?

2          (Defendant and counsel conferring)

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  Do you understand that if you went to

5   trial you would be presumed innocent unless and until the

6   government proved your guilt beyond a reasonable doubt?

7          THE DEFENDANT:  I'm gonna?  I'm sorry, can you say

8   that again?

9          THE COURT:  Yes.

10         Do you understand that at a trial you would be

11  presumed innocent until and unless the government proved your

12  guilt beyond a reasonable doubt?

13         THE DEFENDANT:  Yes, your Honor.

14         THE COURT:  Do you understand that at a trial you

15  would be entitled to be represented by a lawyer at all stages?

16         THE DEFENDANT:  Could I?

17         (Defendant and counsel conferring)

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  Do you understand, also, that if you could

20  not afford to hire a lawyer, your lawyer's services would be

21  provided without charge, that is, would be provided free?

22         THE DEFENDANT:  Can I?

23         THE COURT:  Yes.

24         (Defendant and counsel conferring)

25         MR. KUSHNER:  Thank you, your Honor.

EBA5simP                          plea

1              THE COURT:  Yes.

2              THE DEFENDANT:  Yes.

3              THE COURT:  Okay.

4         Do you understand that if you went to trial you would

5    be entitled, through your lawyer, to cross-examine any

6    government witnesses?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  Do you understand that at such a trial you

9    would be entitled to call witnesses to testify for you?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  Do you understand that at such a trial you

12   would be entitled to use the authority of the Court through the

13   issuance of subpoenas to require witnesses to come testify for

14   you at trial?

15             THE DEFENDANT:  Your Honor?

16             THE COURT:  Yes.

17             (Defendant and counsel conferring)

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  Do you understand also that at such a

20   trial you would be entitled to testify on your own behalf?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  Do you also understand that at such a

23   trial you would not be required to incriminate yourself, that

24   is, you would not be required to testify against yourself?

25             Do you understand that?

EBA5simP                          plea

1           THE DEFENDANT:  Your Honor, can I ask?

2           THE COURT:  Yes.  Sure.

3           (Defendant and counsel conferring)

4           THE DEFENDANT:  Yes, your Honor.

5           THE COURT:  Do you understand that by pleading guilty

6    you are giving up all of these protections including a trial?

7           THE DEFENDANT:  Could you say that again?

8           THE COURT:  Yes.

9           THE DEFENDANT:  Sorry.

10          THE COURT:  Do you understand that if you plead guilty

11   you are giving up all of the protections I have just mentioned,

12   mostly your right to a trial, and the only remaining step will

13   be imposition of sentence?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Do you understand the nature of the charge

16   to which you are pleading guilty, that is, the false statement

17   charge?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  Do you understand the range of penalties

20   to which you are at least potentially subjecting yourself by

21   pleading guilty?

22          THE DEFENDANT:  Can you say that one again?  I didn't

23   understand that one.

24          THE COURT:  Okay.  Do you understand what penalties

25   might be imposed on you as a sentence based upon your

EBA5simP                        plea

1   conviction on this charge?

2           THE DEFENDANT:  Can I talk to my attorney?

3           THE COURT:  Yes.

4           THE DEFENDANT:  Sorry.

5           THE COURT:  Okay.

6           (Defendant and counsel conferring)

7           THE DEFENDANT:  Yes, your Honor.  I'm sorry.

8           THE COURT:  Okay.

9           Do you understand that if any of the statements that

10  you make today, under oath, prove to have been untruthful, you

11  could face a separate prosecution for perjury?  Do you

12  understand that?

13          THE DEFENDANT:  Um, can I talk to my attorney?

14          THE COURT:  Yes.  Of course.

15          (Defendant and counsel conferring)

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Do you still wish to plead guilty?

18          THE DEFENDANT:  Could you say that again?

19          THE COURT:  I'm simply asking whether you still wish

20  to plead guilty.

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  Have any threats been made to you to

23  influence how you plead today?

24          THE DEFENDANT:  I'm not sure.  Would you -- can I --

25  can I -- say that again?

EBA5simP                          plea

1        THE COURT:  I am simply asking whether anyone has

2    forced you, compelled you, to plead guilty by threatening you

3    in some way or is this something you are doing of your own free

4    will?

5        THE DEFENDANT:  I'm done -- yes, your Honor, I'm doing

6    it on my own.

7        THE COURT:  Okay.

8        I have received a copy of a letter -- I have already

9    mentioned this before -- dated November 10, 2014, which appears

10   to contain a plea agreement.  Apart from what is in this

11   letter, have any promises been made to you as to the sentence

12   that you will receive in this case?

13       THE DEFENDANT:  No.

14       THE COURT:  Do you understand that the decision as to

15   the appropriate sentence will be entirely up to the trial

16   court?

17       THE DEFENDANT:  Yes, your Honor.

18       THE COURT:  Do you understand that in determining

19   sentence the trial court will be guided only by what the law

20   requires including the so-called United States Sentencing

21   Guidelines?

22       THE DEFENDANT:  I didn't understand that one.

23       THE COURT:  Okay.  Do you want to take a minute or

24   two?

25       THE DEFENDANT:  Can you say that one again?

EBA5simP                        plea

1              THE COURT:  Sure.

2              (Defendant and counsel conferring)

3              THE DEFENDANT:  Sorry.

4              THE COURT:  That's okay.  Take your time.

5              (Defendant and counsel conferring)

6              THE COURT:  Now, are you ready?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Okay.  Let me repose the question.

9         Do you understand that in determining the sentence the

10    Court will look to what the law requires including the United

11    States Sentencing Guidelines?  Do you understand that?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  Okay.

14        Do you also understand that even if you are

15    disappointed by the sentence that you receive, under this plea

16    agreement you are giving up your right to complain about that

17    sentence either on appeal to the Court of Appeals or any

18    application to the trial court?  Do you understand that?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  Okay.

21        This is the November 10 letter that I have been

22    talking about before.  Did you sign this plea agreement?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  Before you signed it, did you discuss it

25    with your lawyer?

EBA5simP                        plea

1           THE DEFENDANT:  Yes, your Honor.

2           THE COURT:  Did he explain to you all of its terms?

3           THE DEFENDANT:  What I could understand.

4           THE COURT:  Do you understand that there is -- in the

5    plea agreement there is a discussion of the sentencing

6    guidelines and how they may affect the sentence in your case?

7           THE DEFENDANT:  Yes, your Honor.

8           THE COURT:  Now, I note that in the course of

9    discussing the sentencing guidelines the plea agreement ends

10   with the prediction that the sentencing guideline range for a

11   prison term will be 12 months.

12          Are you aware of that?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Do you understand that when it comes time

15   to sentence you the Court will not necessarily be required to

16   apply the guidelines directly to your case?

17          THE DEFENDANT:  Can I --

18          THE COURT:  Yes.  Sure.

19          (Defendant and counsel conferring)

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  Okay.

22          Do you also understand that even if the Court does

23   apply the guidelines in your case, it will not be bound by what

24   the prediction made in the plea agreement about what the

25   guideline range is and it may choose to impose a prison term

EBA5simP                        plea

1   that is shorter than the guideline range mentioned in this plea

2   agreement?

3           Do you understand that?

4           THE DEFENDANT:  Can I --

5           THE COURT:  Yes.  Sure.

6           (Defendant and counsel conferring)

7           THE DEFENDANT:  Yes, your Honor.

8           THE COURT:  Do you understand also that as part of

9   this plea agreement, even if it turns out that the government

10  has improperly withheld from your lawyer information that would

11  have been helpful to him in defending you at trial, you are

12  giving up your right to complain about that form of government

13  misconduct?

14          (Defendant and counsel conferring)

15          THE DEFENDANT:  Yes, your Honor.  Sorry.

16          THE COURT:  Okay.

17          Is your plea made voluntarily and of your own free

18  will?

19          THE DEFENDANT:  I didn't hear you.  I didn't hear you.

20          THE COURT:  All right.

21          THE DEFENDANT:  I'm sorry.

22          THE COURT:  Is your plea, your guilty plea, made

23  voluntarily by you of your own free will rather than being

24  compelled by someone else?

25          THE DEFENDANT:  I'm sorry.  Is that a --

EBA5simP                         plea

1        (Defendant and counsel conferring)

2        THE DEFENDANT:  Yes, your Honor.

3        THE COURT:  Did you in fact commit the crime that is

4   charged in the information, that is, the charge of making a

5   false statement to the Department of Housing and Urban

6   Development?

7        THE DEFENDANT:  I'm so sorry, your Honor.  Can you

8   just say that one more time?

9        THE COURT:  Yes.

10       I am simply asking you whether you committed the crime

11  that was charged in the information which is making a false

12  statement to the Department of Housing and Urban Development.

13       THE DEFENDANT:  I don't know how to answer that one

14  but, no.  I don't know how to answer that one.

15       THE COURT:  Well, you either did commit this crime or

16  you didn't.

17       THE DEFENDANT:  Oh.  Yes, your Honor.  I'm sorry.

18       THE COURT:  Okay.

19       Now, before I ask Ms. Simmons to specify her conduct I

20  will ask the government briefly to summarize the elements that

21  it would have to establish at trial to sustain this charge.

22       MS. REILLY:  Your Honor, at trial the government would

23  prove beyond a reasonable doubt each of the following three

24  elements:

25       First, that on or about the dates alleged in the

EBA5simP                         plea

1   information the defendant made a report or statement to the

2   Department of Housing and Urban Development; second, that that

3   report or statement was false; and third, that the false report

4   or statement was made knowingly and with intent to defraud.  In

5   addition, the government would have to prove by a preponderance

6   of the evidence that venue was proper in the Southern District

7   of New York.

8          THE COURT:  Now, Ms. Simmons, can you tell us in your

9   own words what it is that you did that forms the basis for the

10  charge to which you are now pleading guilty?

11         MR. KUSHNER:  Judge, we have a written allocution that

12  Ms. Simmons and I prepared and the government has reviewed.  I

13  would ask that she be permitted to read from it.

14         THE COURT:  That's fine.

15         THE DEFENDANT:  I asked -- can I read it now?

16         THE COURT:  Yes.

17         THE DEFENDANT:  Between 2004 and 2012 I asked the

18  count --

19         MR. KUSHNER:  The government.

20         THE DEFENDANT:  -- the government for assistance to

21  live at 1118 Madison Street by filling -- filling the Section 8

22  forms.  At the same time I filled out other government forms

23  that said I lived in Queens Village.  In fact, at the most

24  times while I received assignments to live at 1118 Madison I

25  was until -- I was actually until -- I was actually living in

EBA5simP                    plea

1    Queens Village.  I know that information I provided was false

2    but I did it so I could keep the 1118 Madison Street apartment.

3              THE COURT:  Just to clarify, am I correct that you

4    filled out forms for HUD and for the Section 8 program that

5    said you were living at 1118 Madison Street; is that correct?

6              THE DEFENDANT:  Yes, sir.  Yes, your Honor.

7              THE COURT:  And that was intended to get you benefits

8    under the Section 8 housing program?  Is that correct?

9              THE DEFENDANT:  That was to let them approve me.

10             THE COURT:  Okay.  And during some part of this period

11   or all of this period between 2004 and 2012 were you living

12   elsewhere, that is, in Queens Village?

13             THE DEFENDANT:  Yes, in some parts.

14             THE COURT:  And did you, when you filled out those

15   forms and submitted them for Section 8 housing benefits, did

16   you know that by stating that you were living at 1118 Madison

17   you were making a false statement?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  Are there any other questions I should ask

20   the defendant that the time?

21             MS. REILLY:  May I just have one moment, your Honor?

22             THE COURT:  Yes.

23             (Counsel conferring)

24             MS. REILLY:  Your Honor, no further questions at this

25   time.  The government would proffer that if the case were to

EBA5simP                          plea

1   proceed to trial the government would introduce evidence that

2   venue was proper, among other things, that the rent checks sent

3   as a result of the false statements were mailed from Manhattan,

4   the Southern District of New York.

5          THE COURT:  Thank you.

6          Does anyone find there is any basis not to accept the

7   guilty plea?

8          MS. MAGDO:  Not from the government, your Honor.

9          MR. KUSHNER:  Not from the defense, your Honor.

10         THE COURT:  I will note that while Ms. Simmons is

11  under a variety of forms of fairly powerful medication, I am

12  satisfied that she has understood the proceeding in which she

13  has been participating today and I base this both on my

14  observation of her throughout this proceeding as well as a

15  comparison with her behavior during two prior attempts to

16  obtain a viable plea.

17         I should also note that in response to many of my

18  questions today Ms. Simmons asked to consult with her attorney

19  to obtain further explanation of what were and sometimes are

20  unfortunately potentially complicated questions and that

21  counsel appears to have engaged in a good faith and reasonable

22  effort to explain fully to her what the questions were seeking

23  to obtain in terms of information from her.  Thus, I conclude

24  that she is fully competent to proffer a guilty plea.  I am

25  satisfied that her plea is voluntary and that there is a

EBA5simP                          plea

1   factual basis for it.  I am also satisfied that she understands

2   the nature of the charges and the consequences of pleading

3   guilty.  In short, I am accepting the plea at this time.

4          Do we have a date for sentencing?

5          THE DEPUTY CLERK:  March 19th at 9:30.

6          THE COURT:  March 19 at 9:30.

7          MR. KUSHNER:  Judge, I believe there is one more item

8   that I need to put on the record; that if we were to go to

9   trial I know of no defenses that Ms. Simmons would be able to

10  assert that would be innocence-proving.

11         Is that right?

12         MS. REILLY:  Your Honor, we think that the prior

13  questions the Court had posed are sufficient, but certainly

14  having put that on the record we feel we can proceed.

15         THE COURT:  Very well.

16         What is Ms. Simmons' bail status at the moment?

17         (counsel conferring)

18         MS. REILLY:  Your Honor, I understand that

19  Ms. Simmons, upon her arrest in 2012, was released on a

20  personal recognizance bond.  It sounds like the amount was

21  $10,000 with a signature of one financially responsible

22  co-signer.

23         THE COURT:  I assume there is no objection to bail

24  being continued on that basis?

25         MS. REILLY:  That's correct, your Honor.

EBA5simP                          plea

1              THE COURT:  Very well.

2              Is there anything else we should address at this time?

3              MS. REILLY:  Nothing further from the government.

4              MR. KUSHNER:  Nothing from the defense, your Honor.

5              THE COURT:  Very well.

6              Thank you all very much.  Have a good day.

7                                   o0o

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25