UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

UNITED STATES OF AMERICA,

               -against-                            12-CR-652 (MHD)

JOANNE SIMMONS,

                                            Defendant.

-------------------------------------------------------------------------------- X

## DECLARATION OF MICHAEL P. KUSHNER IN SUPPORT OF HIS MOTION TO BE RELIEVED AS COUNSEL FOR DEFENDANT

       I, MICHAEL P. KUSHNER, declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that the following is true and correct:

       1.      I submit this declaration in support of my motion for an Order, pursuant to Local Civil Rule 1.4 to be relieved as counsel for defendant, Ms. Joanne Simmons.

       2.      Rule 1.4 states that "An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties."

       3.      Ms. Simmons has been charged in a criminal information with one count of knowingly making a false statement with the intent to defraud the United States

Department of Housing and Urban Development, in violation of Title 18, United States Code, Section 1012. On November 10, 2014, the parties appeared before the Honorable Michael H. Dolinger for jury selection. During jury selection, the defendant, Ms. Simmons entered into a plea agreement with the government whereby she pleaded guilty to the information. Sentencing is currently scheduled for March 19, 2015 at 9:30 a.m. A presentence investigation interview with probation has not occurred yet.

      4.      Since November 10, 2014 I have had no personal contact with Ms. Simmons. This is despite repeated attempts to contact Ms. Simmons via telephone, text, and fax.

      5.      On November 14, 2014 at 4:23 p.m. I received a faxed letter alleging to be from Ms. Simmons that was dated November 11, 2014[1]. The letter, in sum and substance, stated that Ms. Simmons terminated me as her legal representative with immediate effect.

      6.      On November 16, 2014, in response to Ms. Simmons' letter, I faxed a reply informing Ms. Simmons that the Court is ultimately in charge of relieving me as her counsel and requesting clarification as to how Ms. Simmons wished to proceed: (1) have another attorney appear for her in the action by filing a Notice of Appearance; (2) asking the Court to appoint counsel pursuant to the Criminal Justice Act; or (3) asking the Court to permit Ms. Simmons to appear *pro se* in the action. This letter requested that Ms. Simmons contact me immediately in order to advise me as how she wished to proceed.

---

[1] I have received four faxed letters alleging to be from Ms. Simmons since November 14, 2014 that seek to discharge my services. Although I am ethically permitted to share the letters, in an abundance of caution, I will not divulge the letters to the Court unless instructed to do so in order to prevent any possible disparagement to Ms. Simmons that may come from the substance of these letters.

7. On November 19, 2014 at 2:27 p.m. I received another faxed letter alleging to be from Ms. Simmons that was dated November 18, 2014. The letter, in sum and substance, reiterated Ms. Simmons' desire to terminate me as her legal representative with immediate effect and indicated that Ms. Simmons mistrusts me. The letter did not address any of the three options that I had informed Ms. Simmons of in my November 16, 2014 letter.

8. On November 19, 2014, in response to Ms. Simmons' letter, I faxed a reply again reiterating the three options that Ms. Simmons had in relation to discharging me, requesting her to advise me of her desired option, and informing Ms. Simmons that a presentence investigation needed to be completed on or before December 8, 2014. This letter requested that Ms. Simmons contact me immediately in order to advise me as how she wished to proceed.

9. On November 26, 2014, I submitted a follow-up letter to Ms. Simmons via fax and regular mail that concerned a correspondence I received from the IRS relating to this action. This letter requested that Ms. Simmons contact me immediately in order to advise me as how she wished to proceed. This letter also advised Ms. Simmons that an interview with probation was scheduled for Friday, December 5, 2014.

10. On December 5, 2014 I communicated with Ms. Bambrick of the probation department who informed me that she had been contacted by an attorney on behalf of Ms. Simmons who had allegedly been retained on December 4, 2014 to represent Ms. Simmons, but was no longer going to represent Ms. Simmons. Ms. Bambrick and I agreed to continue our meeting in the afternoon if Ms. Simmons appeared. Ms. Simmons did not appear for the interview.

11. On December 5, 2014, I submitted a faxed letter to Ms. Simmons requesting her to contact me to advise me of how she wished to proceed concerning representation. On this same day, I submitted a faxed letter to the Court requesting a conference wherein I would make a motion to be relieved as counsel for Ms. Simmons.

12. On December 5, 2014, at 10:18 p.m., I received another faxed letter alleging to be from Ms. Simmons. The letter, in sum and substance, reiterated Ms. Simmons' desire to terminate me as her legal representative with immediate effect and accused me of crimes, defrauding, lies, and malpractice. The letter did not address any of the three options that I had informed Ms. Simmons of in my November 16, 2014 letter. The letter also did not address any of the substance of any of my prior letters.

13. On December 6, 2014, at 2:37 p.m., I received another faxed letter alleging to be from Ms. Simmons that was dated November 10, 2014. The letter, in sum and substance, reiterated Ms. Simmons' desire to terminate me as her legal representative with immediate effect. This letter was full of vitriol, and alleged that Ms. Simmons would never trust me and that I have no morals or ethics. The letter did not address any of the three options that I had informed Ms. Simmons of in my November 16, 2014 letter. The letter also did not address any of the substance of any of my prior letters.

14. On December 9, 2014, I submitted a letter-motion to be relieved as counsel in this action. In response to my letter-motion, the Court requested that I submit a Notice of Motion and Declaration in Support in accord with Local Civil Rule 1.4.

15. Pursuant to the New York Rules of Professional Conduct, "a lawyer shall withdraw from the representation of a client when [ ] the lawyer is discharged" so long as "withdrawal can be accomplished without material adverse effect on the interests of the client", the "client assents to termination", and the Court permits the termination of

representation. *See*, Rule 1.16. Because there has been a complete breakdown in communication between Ms. Simmons and myself, and because I have been discharged by Ms. Simmons, this Court should grant the requested relief.

16. Pursuant to Local Civil Rule 1.4, I am not requesting a charging or retaining lien on this matter.

17. Therefore, I respectfully request an Order: (1) relieving attorney Michael P. Kushner, Esq. as counsel for the defendant; (2) appointing counsel to the defendant pursuant to the Criminal Justice Act; (3) granting the defendant additional time to complete her interview with the probation department; and, (4) such other and further relief as this Court might deem just and equitable.

18. I have mailed a copy of this motion to defendant's home address, 89-15 218th Place, Queens Village, New York 11427.

Dated:      Brooklyn, New York
            December 12, 2014

                                    Respectfully submitted,

                                    /s_____
                                    Michael P. Kushner, Esq.
                                    KUSHNER LAW GROUP, PLLC
                                    *Attorney for Defendant*
                                    16 Court Street, Suite 2901
                                    Brooklyn, New York 11241
                                    718.504.1440 (tel)

To:   Joanne Simmons
      89-15 218th Place
      Queens Village, New York 11427
      *By First Class Mail*

      Christine Magdo, Esq., Assistant United States Attorney (By ECF)

      Michele Greer Bambrick, Senior United States Probation Officer (By E-Mail)

## DECLARATION OF SERVICE

Michael P. Kushner, Esq. declares under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct:

On December 12, 2014, I served the annexed Notice of Motion and Declaration in Support on:

Joanne Simmons
89-15 218th Place
Queens Village, New York 11427
*By First Class Mail*

Christine Magdo, Esq., Assistant United States Attorney (By ECF ONLY)

Michele Greer Bambrick, Senior United States Probation Officer (By E-Mail ONLY)

[ ]   BY ELECTRONIC CASE FILING
[ ]   BY HAND
[ ]   BY FIRST CLASS MAIL
[X]   BY PRIORITY MAIL
[ ]   BY FACSIMILE WITH PERMISSION

Dated:   Brooklyn, New York
         December 12, 2014

/s_____
Michael P. Kushner, Esq.
KUSHNER LAW GROUP, PLLC
*Attorney for Defendant*
16 Court Street, Suite 2901
Brooklyn, New York 11241
718.504.1440 (tel)