F4UPSIMS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                              12 CR 652 (MHD)

JOANNE SIMMONS,

               Defendant.

------------------------------x

                                     New York, N.Y.
                                     April 30, 2015
                                     11:16 a.m.

Before:

                HON. MICHAEL H. DOLINGER,

                             Magistrate Judge

                     APPEARANCES

PREET BHARARA,
    United States Attorney for the
    Southern District of New York
KATHERINE REILLY
CHRISTINE MAGDO
    Assistant United States Attorneys

JOSHUA LEWIS DRATEL
WHITNEY SCHLIMBACH
    Attorneys for Defendant

1             (In open court)

2             (Case called)

3             MS. MAGDO:  Good morning, your Honor.  Assistant U.S. Attorney, Christine Magdo on behalf of the government.  With me at counsel table is Assistant U.S. Attorney Kathy Reilly.

6             MS. REILLY:  Good morning, your Honor.

7             MR. DRATEL:  Good morning, your Honor.  Joshua Dratel for Joanne Simmons, and with me is Whitney Schlimbach, and Ms. Simmons is here.  She, obviously, would rise, but she can't get up from the wheelchair.

11            THE COURT:  Good morning.  That's all right.  I have received and reviewed a presentence memorandum prepared by the probation officer.  I have also received and reviewed an April 24, 2015, letter from defense counsel which includes a number of exhibits, including several letters on Ms. Simmons' behalf, and I have also received and reviewed a letter dated yesterday from the government, indicating that the government does not object to a sentence below the guidelines range in this case.

20            First of all, does anyone have any objection to any aspect of the presentence report, whether with regard to the guideline calculation or any of the historical facts elaborated on there?

24            MS. MAGDO:  Not from the government, your Honor.

25            MR. DRATEL:  No, your Honor.

1               THE COURT:  Very well.  I will be happy to hear from
2    you, Mr. Dratel, as to sentence.
3               MR. DRATEL:  Thank you, your Honor.  I think we're in
4    a relatively unique situation in that the PSR, the government
5    and the defense are in relative, if not specific, agreement,
6    but I think in terms of the spirit of the government letter,
7    that a sentence of probation is essentially what is underlying
8    that recommendation and the government's position.
9               And the PSR is explicit, obviously, in the
10   probationary sentence, and that's what we would request.  I'm
11   not going to belabor or repeat what's in our letter.  I know
12   the Court has read it, and it sets forth ample and compelling
13   reasons, we think, for probation.
14              So unless the Court has specific questions, I think
15   we'll rest on our papers in that regard because, as I said,
16   it's set forth comprehensively.  I don't see a need to repeat,
17   and I know, obviously, it depends on what the government has
18   presented as well.
19              THE COURT:  Okay.  Does the government wish to be
20   heard on sentence?
21              MS. MAGDO:  Unless your Honor has specific questions,
22   we would just rest on our submission of yesterday.
23              THE COURT:  I do have one question that I'm -- one
24   piece of the puzzle that I'm a little bit unclear about.  What
25   is the government's understanding as to what was going on with

1     this apartment, other than the fact that Ms. Simmons,

2     obviously, was not living there?  What was she doing with it?

3             MS. MAGDO:  So our understanding, based on our

4     investigation, is that Ms. Simmons has a number of adult

5     children, and they were being allowed to live there, sometimes

6     with their significant others and their children, and other

7     times it was left vacant, and perhaps from time to time

8     Ms. Simmons was living there, as well, on a temporary basis.

9             THE COURT:  So there is no suggestion that she was

10    otherwise profiting from the scheme, if you will, that is, by

11    renting the apartment out and earning money that way?

12            MS. MAGDO:  That's correct, your Honor.

13            THE COURT:  All right.  Thank you.  Ms. Simmons, is

14    there anything that you would like to say before sentence is

15    pronounced?

16            THE DEFENDANT:  Yes.  Thank you so much.  I thank you,

17    and I wanted to say that, as me being a mother, I was taking

18    care of my kids in the apartment, which I was entitled to, and

19    I didn't do anything wrong.  But I tried to mother my kids and,

20    you know, your Honor, I never have done anything wrong.  I have

21    no records and those things, and I just want to thank you.

22            I'm just so sorry.  I don't want to waste your time.

23    I don't want to be a burden to no one.  You know, I've just

24    been taking care of everybody, and I thank you for taking care

25    of me.  I just put myself at the mercy of the Court because I'm

just home -- I'm so full. I just got into an accident, a car hit me, and I'm just feeling like everybody is trying to either hit me or kill me or take things from me, and I just been trying my best.

I go to chaplain school now, and I want to live a good life, and I want to be able to take care of my grandkids. I got my son here with me and, you know, now they're showing support. And they have to take care of me, and it's a hard thing because they have to shower me, and they have to do all these things for me.

And so I'm just saying, please, I throw myself on the mercy of the Court. If you could just find it in your heart to just -- I haven't done anything wrong; so, please, I'm so sorry. Thank you. Thank you so much.

THE COURT: In reviewing the facts of this somewhat unusual case, I think one thing that does stand out, other than the presentation made by defendant's counsel and the presentence report and even now by Ms. Simmons, herself, is that she has, over a period of many years, apparently started even prior to adulthood, undergone a long series of events that were both unfortunate and, no doubt, painful to her.

And with limited resources, she has sought, as I see from that history, to survive as best she could and support her family as best she could. There's no question that although Ms. Simmons says that she has done nothing wrong, that she did

1    one thing plainly wrong, which is why she is here now.

2            Ms. Simmons, given all of that, and given a large
3    helping of misfortune, there are some silver linings.  Indeed,
4    in the fact that some of your children and siblings have come
5    to your support here and, as well, reflected in the efforts of
6    now several very able lawyers to protect your interests and
7    your rights in this case.

8            Under all the circumstances, I agree with the views
9    expressed by probation and by Mr. Dratel that the appropriate
10   disposition in this case is a period of probation, and I do so
11   in reflection on the fact that, notwithstanding the amount of
12   money diverted from a proper government program by virtue of
13   misstatements made through the years in forms given to HUD,
14   that you have not had any prior record or criminal conduct or
15   any indication that you have deviated significantly from both
16   legal and moral standards.

17           I'm equally persuaded that there is no risk in the
18   future of your straying from the path of both legal and moral
19   righteousness.  I'm satisfied, as well, that given the various
20   physical disabilities that you've been suffering from, as well
21   as the struggle you've had to maintain a psychological balance,
22   that probation is the only appropriate alternative.

23           I am also impressed by the fact that you have, even in
24   the last few years, been making efforts to obtain skills and to
25   contribute in whatever way you can to the needs of the

1     community, as well as your family.
2             Thus, I will impose a term of probation of three
3     years.  The probation comes with a variety of mandatory
4     conditions and standard conditions.  In addition, it is
5     required that you undertake and continue such mental health
6     treatment as probation deems appropriate.
7             In view of your financial circumstances, there will be
8     no fine imposed.  There is a requirement, which we alluded to
9     during our various efforts to get a plea, that you pay
10    restitution as part of your sentence.  The restitution is in
11    the amount of $123,029.  I recognize that, given your
12    resources, payment will be in small amounts, and we will
13    require simply that restitution be paid monthly in the amount
14    of 15 percent of your monthly income, starting 30 days from
15    today.  There is a mandatory special assessment of $25 which
16    must be paid.
17            In addition, as requested by probation, you will be
18    subject to a required set of drug tests.  My understanding is
19    there is one that would happen immediately, and then there will
20    be two others during the period of probation.  There are some
21    additional special conditions to probation, one of which is you
22    are required, if requested by your probation officer, to
23    provide whatever financial information the officer seeks.
24            In addition, you are not to open any new credit and
25    sustain any new credit charges or open any new lines of credit

1   without permission of your probation officer.  You are also
2   required to report to the probation department within 72 hours
3   from today.  I do not recall, it being some time since we had
4   our entry of a plea, whether you had waived your right to
5   appeal in any respect.  If not, I will remind you then that you
6   have a right to appeal from this sentence, if you choose to do
7   so.  Obviously, you will confer with your able counsel about
8   that, if that option is even open to you.
9           Are there any other items that we need addressed at
10  this time?
11          MS. MAGDO:  Not from the government, your Honor.  Oh,
12  your Honor, we did submit a proposed order of restitution for
13  your Honor's consideration.  I have a clean copy, if I may pass
14  that up.
15          THE COURT:  I have a clean copy, too.  So unless
16  there's an objection from defendant, I assume that this order
17  of restitution --
18          THE DEFENDANT:  Your Honor?
19          THE COURT:  I assume that this order of restitution
20  is --
21          MR. DRATEL:  Yes, your Honor.
22          THE DEFENDANT:  Your Honor?
23          MR. DRATEL:  It's the amount in the plea agreement is
24  appropriate.
25          THE DEFENDANT:  Your Honor, please.  Your Honor.  I

1  just want to address you.  Can you take me today instead of
2  putting me on probation?  I don't want probation, please.
3           THE COURT:  Ms. Simmons?
4           THE DEFENDANT:  Is there any way you can just take me?
5  I don't want to be a burden to nobody.  I don't want to be a
6  burden.
7           THE COURT:  Ms. Simmons?
8           THE DEFENDANT:  I don't want to be a burden to
9  probation.  If you want to just take me, just take me because I
10 don't want to be probation.  I had strict probation already.  I
11 did.  I've been reporting, and I showed you all the papers.  I
12 have papers right now.  I was going to Ms. Powers.  I was going
13 to Ms. Jones.  So if you just want to put me to a place or
14 something.
15          THE COURT:  Miss Simmons, the decision of the Court is
16 what it is.  I suggest that you accept it in good grace and go
17 on with your life.
18          MR. DRATEL:  Thank you, your Honor.
19          THE COURT:  Thank you, all.
20          MS. MAGDO:  Thank you, your Honor.
21          THE DEFENDANT:  Thank you so much, your Honor.
22          THE COURT:  You're very welcome.
23          THE DEFENDANT:  God bless you and your family.  Thank
24 you so much.
25          (Adjourned)